UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Gambrell, #227643, *aka Michael Adolf Gambrell,* <br><br> Plaintiff, <br><br> vs. <br><br> Mrs. Harrison; <br> Mr. Lewis, Associate Warden; <br> Lt. Brinky; <br> Major Dennis Bush; <br> Associate Warden, Stephen Claytor; <br> Warden Bodison, Lieber Corr. Inst., <br><br> Defendant. | ) C/A No.: 4:09-2475-HFF-TER <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) REPORT AND RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, Michael Gambrell ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on September 23, 2009, alleging violations of his constitutional rights. Defendants filed a motion for summary judgment on April 26, 2010, along with a memorandum and exhibits in support of said motion. (Document #30). Because plaintiff is proceeding pro se, he was advised on or about April 27, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment could result in the dismissal of his complaint. The plaintiff filed a response to the motion for summary judgment on May 21, 2010. (Doc.# 42). Defendants filed a reply to the response on May 26, 2010.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that defendants violated his constitutional rights. Plaintiff alleges that he has been physically injured by other inmates while at McCormick Correctional Institution, Perry Correctional Institution, and Lieber Correctional Institution. Plaintiff asserts he has been stabbed several times and had boiling water thrown on his face and chest which left scaring. (Complaint). Therefore, plaintiff alleges deliberate indifference to risk of harm by the defendants. Plaintiff alleges that he has been labeled as an "informant" after he cooperated with the SCDC officials at Perry Correctional Institution regarding an investigation. (Complaint). Plaintiff asserts that defendants should have placed "flags/cautions" protecting him before the incidents injuring him occurred. (Id.). Plaintiff requests monetary damages, good time credit, work credits and privileges lost which has affected his release date.

Defendants filed a motion for summary judgment along with affidavits and a memorandum in support. Defendants assert among other things, that plaintiff has failed to exhaust his administrative remedies and, therefore, his complaint should be dismissed.

### B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services,

901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56c. Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56© because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis as well as on the merits of the allegations.

Defendants submitted the affidavit of Ann Hallman who attests she is employed with the SCDC as an Inmate Grievance Supervisor, and she supervises grievance coordinators at six institutions. (Hallman affidavit, doc. #30-3). The initial step for the SCDC Inmate Grievance system

is for the inmate to file a Step 1 Grievance. (Id.). The general procedure is the Inmate Grievance Coordinator will first determine if the issue will be processed in accordance with SCDC policy. (Id.). If the issue is to be processed, the Inmate Grievance Coordinator will then conduct an investigation and attempt to resolve the issue. (Id.). If the inmate is not satisfied with the Inmate Grievance Coordinator's resolution, the issue will be forwarded to the Warden at the institution where the incident occurred and he will issue a decision on the grievance. (Id.). If the inmate disagrees with the Warden's decision on the Step 1 Grievance, the inmate may file a Step 2 Grievance, which is the second part of the administrative remedies available to inmates in SCDC. (Id.). If the inmate disagrees with the Step 2 Grievance, the inmate can file an appeal with the Administrative Law Court. Inmates have 15 days from the date an incident occurs to file a grievance and grievances filed more than 15 days after the incident occurs are barred. (Id.). Inmates have five days after receipt of the denial of Step 1 Grievance to file a Step 2 Grievance and this is stated on the Step 1 Grievance form. (Id.).

Hallman attests that she has reviewed plaintiff's records and found that he has filed a number of grievances since he has been incarcerated. (Id.). Some of the grievances concerned an alleged assault by another inmate and that he felt threatened at a particular institution which are matters raised in his complaint. (Id.). Hallman asserts plaintiff filed a Step 1 Grievance number PCI-0319-05 on January 24, 2005, and it was received by the grievance coordinator on January 31, 2005. (Id.). Plaintiff complained about an incident at Perry Correctional Institution ("PCI") that occurred on December 29, 2004, when another inmate threw hot baby oil on him. This grievance was returned to plaintiff unprocessed because he failed to state that he made an effort to informally resolve the grievance. However, the Inmate was informed that if his grievance was not resolved after he attempted an informal resolution, he could refile the grievance within five days. (Id.). Plaintiff failed to refile said grievance. (Id.).

Plaintiff also filed a Step 1 Grievance number Lee CI-2694-06 in December 2006 which was received by the grievance coordinator on December 11, 2006. (Id.). In this grievance, plaintiff stated he was fearful for his life and had been threatened by other inmates. The Warden responded to plaintiff's grievance on December 5, 2007, noting that plaintiff had been placed in protective custody shortly after filing said grievance. Plaintiff signed that he accepted the Warden's decision. (Id.).

Plaintiff filed a Step 1 Grievance number LeeCI-2789-06 on December 21, 2006, which was received by the grievance coordinator on January 2, 2007. (Id.). In this grievance, plaintiff stated that he felt his life was at risk. (Id.). This grievance was returned to plaintiff unprocessed on January 3, 2007, because his attempt of an informal resolution was insufficient. (Id.). However, it noted that plaintiff had been placed in protective custody on December 27, 2006, at his request. (Id.).

Plaintiff filed a Step 1 grievance number PCI-1552-09 on August 26, 2009, which was received by the grievance coordinator on September 2, 2009. (Id.). In this grievance, plaintiff complained about an incident that had occurred at McCormick Correctional Institution so it was given a new number, MCCI-0710-09. (Id.). Plaintiff stated that he had been stabbed on August 19, 2009, and complained that Officer Harrison had watched the incident occur and failed to prevent the incident. Warden Cartledge responded to this grievance on October 19, 2009, denied the grievance. Plaintiff did not file a Step 2 grievance on grievance number MCCI-0710-09. (Id.).

Plaintiff filed a Step 1 grievance number PCI-1889-09 on October 6, 2009, and received by the grievance coordinator on October 20, 2009. (Id.). In this grievance, plaintiff stated that he was not getting along with his roommate and spoke with Lt. Crowell about a room change. (Id.). This grievance was returned to plaintiff unprocessed on October 26, 2009, because plaintiff failed to provide the date of the incident. (Id.).

Based on her review of the records and plaintiff's grievances, Hallman attests that plaintiff has filed no additional grievances concerning his safety or incidents involving assault by other inmates. (Id.). Hallman asserts that Plaintiff has filed additional grievances but they did not address the issues raised in the complaint. (Id.).

Plaintiff filed a response in opposition to the motion for summary judgment. However, plaintiff did not address defendants' defense of exhaustion.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed

by inmates under any federal law, including §1983. <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on the evidence presented, it is recommended that defendants' motion for summary judgment (doc. #30) be granted for failure to exhaust administrative remedies. As it is recommended that the complaint be dismissed for failure to exhaust the administrative remedies, the merits will not be addressed.

### III. CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion for summary judgment (document #30) be GRANTED and this claim dismissed.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 17, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**